IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROZELLA JOHNSON,<br><br>　　　　Petitioner and Plaintiff,<br><br>　v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, and KATHLEEN KELLY,<br><br>　　　　Respondents and Defendants<br>_____/ | No. C-04-4879 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; SETTING BRIEFING SCHEDULE ON ISSUE OF WHETHER ADMINISTRATIVE RECORD SHOULD BE AUGMENTED** |

　　　　Before the Court is the motion of defendants Alameda-Contra Costa Transit District ("AC Transit") and Kathleen Kelly ("Kelly") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Rozella Johnson ("Johnson") has filed opposition, to which defendants have replied. The matter came on regularly for hearing October 14, 2005. Jeffery D. Trowbridge appeared on behalf of Johnson. Marcia Hoyt of the Office of General Counsel for AC Transit appeared on behalf of AC Transit and Kelly. At the conclusion of the hearing, the Court directed the parties to file supplemental briefing with respect to the adequacy of the administrative record of which Johnson seeks judicial review; the parties thereafter filed supplemental briefing. Having considered the papers filed in support of and in opposition to the motion, the arguments of counsel at the hearing, and the supplemental briefing, the Court rules as follows.

**BACKGROUND**

Johnson is an African-American woman who formerly worked for AC Transit, most recently as an administrative assistant to Kelly. Johnson alleges that AC Transit, in January 2004 and acting on Kelly's recommendation, failed to give Johnson a fair hearing prior to her termination. According to Johnson, Kelly's recommendation was motivated by discriminatory animus and was in retaliation for Johnson's having engaged in protected activity. Johnson also alleges that, during the course of her employment, Kelly subjected Johnson to a hostile work environment and failed to accommodate her disability and/or medical condition. Based on these allegations, Johnson seeks an award of damages under both federal and state anti-discrimination laws.

Johnson further alleges that she exercised her right under regulations governing AC Transit to have an evidentiary hearing, before a hearing officer, to review the propriety of the termination, and that the hearing officer erred by upholding the termination. Based on this allegation, Johnson petitions the Court for a writ of mandamus to set aside the decision.

**I. First Cause of Action (Petition for Writ of Administrative Mandamus)**

In her First Cause of Action, Johnson alleges she is entitled to a writ of administrative mandamus setting aside the hearing officer's Decision and Award dated August 6, 2004, as amended August 10, 2004 ("Decision"). Defendants argue that AC Transit is entitled to summary judgment on this claim.

As an initial ground in support of her petition, Johnson alleges the hearing officer, Richard A. Katzman ("Katzman"), was biased. AC Transit has shown its entitlement to summary judgment on this claim. Johnson's assertions of bias are, with the few exceptions discussed below, predicated on adverse rulings; adverse rulings in and of themselves are insufficient to show bias. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). To the extent Johnson's claim that Katzman was

biased because he was employed by the Santa Clara Valley Transportation Authority ("SCVTA"),[1] such claim has been waived. Johnson knew in advance of the hearing that Katzman was employed by SCVTA, and, although invited by AC Transit to state any objection to Katzman's selection, declined to do so. See Trowbridge Decl., filed November 30, 2005, Ex. A; Trowbridge Decl., filed September 22, 2005, ¶ 4; cf. Preston v. United States, 923 F. 2d 731, 733 (9th Cir. 1991) (holding motion to recuse must be made "with reasonable promptness after the ground for such a motion is ascertained"). Moreover, the rules governing the subject hearing provide that if an employee fails to object to the hearing officer prior to the hearing, the employee "will be deemed to have waived any such objections." (See De Stigter Decl., filed September 9, 2005, Ex. B at 6.)[2] Johnson's final argument regarding bias, specifically, that bias is established by reason of AC Transit's having offered to provide Katzman with certain accommodations during the course of the hearing, is unpersuasive. It is undisputed that Katzman declined AC Transit's offer to pay for his meal, (see Hoyt Decl., filed December 19, 2005, ¶ 4), and, to the extent AC Transit offered Katzman a place to park and a telephone to retrieve his messages, such small courtesies, as a matter of law, do not evidence even a "probability of unfairness" on the part of Katzman, see Applebaum v. Board of Directors, 104 Cal. App. 3d 648, 657 (1980) (citing "pecuniary interest" in the outcome and "personal embroilment in the dispute" as examples of factors indicating bias). Moreover, because plaintiff and her counsel were aware either before or during the course of the proceeding that AC Transit had offered to provide Katzman with lunch, a parking space and use of a phone, yet raised no objection at that time, (see Johnson Decl., filed November 30, 2005, ¶ 7; Hoyt Decl., filed December 19, 2005, ¶ 7), plaintiff's claim of bias predicated on such grounds has been waived. See

---

[1] Johnson characterizes SCVTA as a "sister" agency to AC Transit. (See Pl.'s Opp., filed September 22, 2005, at 17:21.)

[2] Johnson's conclusory argument that it would have been futile for her to object to Katzman's appointment is unpersuasive. Indeed, Johnson successfully objected to the first hearing officer selected by AC Transit. (See Trowbridge Decl., filed September 22, 2005, ¶¶ 3-4.)

1  Preston, 923 F. 2d at 733.[3]

2  　　　　As the next ground offered in support of setting aside the Decision, or parts thereof,
3  Johnson alleges the hearing officer lacked the power to make findings as to whether
4  Johnson had shown the termination was motivated by unlawful discrimination or retaliation.
5  AC Transit has shown its entitlement to summary judgment on this claim.  Under AC
6  Transit Board Policy Administrative Regulation No. 256, the hearing officer had the power
7  to determine whether the termination should be upheld.  (See De Stigter Decl., filed
8  September 9, 2005, Ex. B at 7-8.)  At the administrative hearing, Johnson asserted that the
9  termination was a pretext for unlawful discrimination and/or was retaliatory in nature on the
10 part of Kelly.  (See, e.g., Johnson Decl., filed November 30, 2005, ¶¶ 10-15.)  Under such
11 circumstances, the hearing officer did not act outside the scope of the rules governing the
12 proceeding in determining whether Johnson had made such a showing.

13 　　　　As another ground to set aside the Decision, Johnson alleges the Decision is not
14 supported by the evidence.  Defendants, in arguing AC Transit is entitled to summary
15 judgment, do not brief the merits of this claim.  Rather, defendants argue that because
16 Johnson, in her complaint, did not plead detailed facts to set forth her theory as to why the
17 Decision is not supported by sufficient evidence, AC Transit is entitled to summary
18 judgment.  Defendants, however, cite no authority providing for a heightened pleading
19 standard with respect to such petition; consequently, Johnson need only comply with the
20 federal pleading rule requiring a "short and plain statement of the claim."  See Fed. R. Civ.
21 P. 8(a).  Accordingly, defendants have not shown that AC Transit is entitled to summary
22 judgment on this claim.

23 　　　　Finally, Johnson, in her complaint, alleges the Decision should be set aside because

---

[3]As defendants point out, plaintiff's claim of bias, to the extent such claim is predicated on AC Transit's offer of a use of a phone and other courtesies, is waived for an additional reason, specifically, that plaintiff did not allege such claim in her complaint and did not articulate her reliance on such claim, much less offer evidence in support thereof, in opposition to defendants' motion for summary judgment.  Rather, plaintiff first raised such contention in her supplemental briefing, which briefing was limited to the issue of the adequacy of the administrative record.

4

1 a "verbatim record of the testimony and proceedings" was not kept. (See Compl. at 10:8-
2 12.) The issue presented by such claim is whether the administrative record, which does
3 not include a reporter's transcript, is "inadequate to enable [a reviewing court] to pass upon
4 the validity of the administrative action." See Aluisi v. County of Fresno, 159 Cal. App. 2d
5 823, 828 (1958). In that regard, Johnson, subsequent to the October 14, 2005 hearing
6 before this Court, obtained from AC Transit all written documents submitted to the hearing
7 officer, as well as the hearing officer's handwritten notes taken during the hearing, and has
8 filed those documents. (See Trowbridge Decl., filed December 9, 2005, Ex. D.) Both
9 parties now take the position that the record before the Court is sufficient to enable the
10 Court to review the Decision. (See Defs.' Reply to Pl.'s Brief, filed December 19, 2005,
11 2:22; Pl.'s Reply, filed December 21, 2005, 1:28 - 2:5, 3:13-16.) Under the circumstances,
12 the Court finds that AC Transit is entitled to summary judgment on Johnson's claim that the
13 administrative record is inadequate.

14 Accordingly, AC Transit is entitled to summary judgment on the First Cause of
15 Action, with the exception of the claim that the Decision is not supported by the evidence.

16 With respect to Johnson's claim that the Decision is not supported by the evidence,
17 the standard is "independent judgment" and the Court will conduct a review of the record in
18 accordance therewith. See Fukuda v. City of Angels, 20 Cal. 4th 805, 818 (1999). Before
19 setting a briefing schedule on the question of whether, under such standard, the Decision
20 should be affirmed or set aside, the Court first must determine whether the administrative
21 record should be augmented, as requested in Johnson's supplemental briefing. See Cal.
22 Code Civ. Proc. § 1094.5(e) (setting forth circumstances under which administrative record
23 may be augmented). In her supplemental briefing, Johnson has identified the following
24 evidence, which, according to Johnson, is relevant to the issues before the hearing officer
25 and was not reasonably available at the time of the hearing: (1) an email, dated July 3,
26 2002, sent by Kelly to Johnson; (2) Kelly's deposition testimony that Johnson was replaced
27 by Kathleen Eichmeier; (3) Kelly's deposition testimony discussing Kelly's participation in
28 preparing the termination notice; (4) Kelly's deposition testimony concerning Kelly's

knowledge of certain internal complaints made by Johnson, and whether Kelly discussed one such complaint with Richard C. Fernandez ("Fernandez"); (5) Fernandez's deposition testimony as to the information on which he based his termination decision; (6) Fernandez's deposition testimony concerning the information he had received about any of Johnson's prior complaints; (7) Candy Williams-Scarlett's ("Williams-Scarlett") deposition testimony concerning her experiences with Kelly; and (8) a report, dated June 1, 2005, by Helmut Relinger, Ph.D.  Additionally, Johnson has identified the following evidence, which, according to Johnson, the hearing officer improperly excluded:  (1) Francois Njike's ("Njike") civil complaint; and (2) Njike's "direct deposition testimony," (see Trowbridge Decl., filed November 30, 2005, ¶ 6).

As to the issue of augmentation, the Court sets the following briefing schedule:

1. No later than January 30, 2006, Johnson shall file a declaration, attaching thereto the document she has referred to as Njike's "direct deposition testimony."[4]

2. No later than February 8, 2006, defendants shall file their response to Johnson's request that the record be augmented by the above-referenced ten items of evidence, such response not to exceed ten pages in length.

3. No later than February 15, 2006, Johnson may file a reply to defendants' response, such reply not to exceed ten pages in length.

4. As of February 15, 2006, the Court will take the matter of augmentation under submission, and, after ruling on said issue, will issue an order setting forth a briefing schedule on the question of whether the Decision should be affirmed or set aside.

**II. Second Cause of Action (Due Process Denial)**

In her Second Cause of Action, Johnson alleges that AC Transit deprived her of property, i.e., her job, without due process.  In her opposition to defendants' motion for summary judgment, Johnson clarifies that the basis of this claim is that because AC Transit

---

[4] Unless such document is filed, the Court cannot determine whether it was improperly excluded in the administrative proceeding.  The other evidence that Johnson seeks to add to the record has been filed herein, and need not be filed again.

did not provide her with a constitutionally adequate pre-deprivation hearing, she is entitled to an award of back pay.

The hearing officer agreed with Johnson that AC Transit did not afford her a constitutionally adequate pre-deprivation hearing, finding that AC Transit did not provide "a full and fair opportunity for [Johnson] to have her side heard before the discharge took effect." (See Hoyt Decl., filed September 9, 2005, Ex. L at 35.) As a remedy, the hearing officer ordered that Johnson be retroactively reinstated as an employee, until the date of the Decision, in which, as noted, he upheld the termination. (See id. Ex. L at 44.) The hearing officer further found that because Johnson, by reason of her medical condition, was not able to work during the subject period, she was only entitled to employee benefits and not to back pay. (See id. Ex. L at 35-36, 44.)

Defendants contend that AC Transit is entitled to summary judgment, arguing the Decision is "legally compliant." (See Defs.' Mem. of P. & A., filed September 9, 2005, at 12:7-8.) As discussed, resolution of this issue is premature until the parties have briefed the issue of whether the Decision should be affirmed or set aside.[5]

Accordingly, determination of defendants' motion for summary judgment on the Second Cause of Action will be deferred.

**III. Termination-Based Claims**

Johnson alleges that her termination was motivated by discriminatory animus based on Johnson's race, age, disability, and medical condition; such claims are alleged against AC Transit in the Third through Eighth Causes of Action.[6] Additionally, Johnson alleges the termination was in retaliation for Johnson's having engaged in protected activity; such claims are alleged against both AC Transit and Kelly in the Ninth and Eleventh Causes of

---

[5] Indeed, Johnson's opposition is predicated on the theory that the hearing officer erred in finding Johnson was medically unable to work.

[6] The complaint appears to allege that Kelly is a defendant to the Third through Eighth Causes of Action. Johnson, however, has clarified that Kelly is not a party to such claims, stating: "[T]he word 'defendants' in the 3rd through 8th Causes of Action should not be read to include [ ] Kelly." (See Pl.'s Opp., filed September 22, 2005, at 19:21-22.)

7

Action.

Defendants argue that Johnson, as a result of the Decision, is estopped from asserting that her work performance was satisfactory, and, consequently, Johnson cannot establish any of her termination-based claims.

With respect to state law claims, a plaintiff alleging wrongful termination is bound by adverse findings made in an administrative hearing, unless those findings are set aside by a reviewing court. See Johnson v. City of Loma Linda, 24 Cal. 4th 61, 65-66, 71 (2000) (holding, where plaintiff failed to timely seek review of administrative finding that he was laid off for economic rather than discriminatory reasons, plaintiff's FEHA claim was barred by such administrative finding). With respect to federal claims, adverse administrative findings likewise are binding on the plaintiff, provided a reviewing court has upheld the administrative decision. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 485 (1982) (holding where state court upheld administrative finding that defendant had not discriminated against plaintiff, plaintiff was bound by such finding in subsequent Title VII proceeding); cf. University of Tennessee v. Elliott, 478 U.S. 788, 796 (1986) (holding Title VII claim not barred by adverse administrative finding, where finding had not been reviewed by a court).

Here, as noted, the issue of whether the Decision should be affirmed or set aside has yet to be briefed. Consequently, the Court will defer consideration of defendants' motion for summary judgment as to the termination-based claims until the Court has addressed the merits of Johnson's petition to set aside the Decision.

**IV. Non-Termination Claims**

Johnson alleges, as part of her Seventh and Eighth Causes of Action, that AC Transit failed to accommodate her disability and medical condition while she was employed.[7] Johnson also alleges, in her Tenth Cause of Action, that Kelly subjected Johnson to harassment on account of Johnson's race and other protected characteristics.

---

[7] Johnson's disability claim is premised on a mental impairment, specifically, depression, while her medical condition claim is premised on a cancer diagnosis.

8

1    Defendants argue Johnson cannot establish her failure to accommodate claim
2 because she is unable to show she could have performed the essential functions or duties
3 of her position, even if she had been provided accommodation.  See 42 U.S.C. § 12111(8)
4 (defining disabled person, for purpose of Americans with Disabilities Act, as "individual with
5 a disability who, with or without reasonable accommodation, can perform the essential
6 functions of the employment position that such individual holds or desires"); Cal. Gov't
7 Code § 12940(a)(1)(2) (providing Fair Employment and Housing Act does not prohibit an
8 employer from terminating an employee if "the employee, because of his or her physical or
9 mental disability, is unable to perform his or her essential duties even with reasonable
10 accommodation").  Johnson, in opposition, states that one accommodation she did not
11 receive was reassignment to another supervisor, and argues that she could have
12 performed adequately for another supervisor.  The hearing officer found that "it was not the
13 occupant of the position [Johnson] supported that led to [Johnson's] declining
14 performance," (see Hoyt Decl., filed September 9, 2005, Ex. L at 25), but, rather, that
15 Johnson was unable to keep up with "dramatic changes at the District beginning in 2000,"
16 (see id. Ex. L at 29).  Similarly, the hearing office found, "It is only speculation that
17 [Johnson's] inability to accomplish the particular tasks in the work plan would somehow
18 miraculously change by dint of their being assigned to her by someone other than Kelly."
19 (See id. Ex. L. at 28.)  These findings are material to Johnson's failure to accommodate
20 claim, given the accommodation sought, and thus are binding in the event the Decision is
21 not set aside.  See Johnson, 24 Cal. 4th at 65 (holding adverse findings made in
22 administrative proceeding are "binding in later civil actions," unless such findings are set
23 aside).
24    Defendants argue Johnson cannot establish her harassment claim because Johnson
25 lacks evidence she was subjected to the type of severe or pervasive conduct necessary to
26 support such a claim.  See Aguilar v. Avis Rent A Car System, Inc., 21 Cal. App. 4th 121,
27 130 (1999) (holding plaintiff, to establish hostile work environment claim under FEHA or
28 Title VII, must prove conditions of employment were altered by "severe or pervasive"

9

1  conduct based on plaintiff's membership in protected class).  The hearing officer's findings,
2  including those discussed above, appear to bear on this issue.
3       Accordingly, the Court will defer consideration of defendants' motion for summary
4  judgment as to the non-termination claims, until the Court has determined whether the
5  Decision should be affirmed or set aside.

## CONCLUSION

7       For the reasons set forth above, defendants' motion for summary judgment is
8  hereby GRANTED in part and DENIED in part, and ruling thereon is DEFERRED in part, as
9  follows.
10      1. AC Transit is entitled to summary judgment on the First Cause of Action, and
11 defendants' motion is GRANTED with respect thereto, except to the extent the First Cause
12 of Action is based on the claim the Decision is not supported by sufficient evidence.  With
13 respect to the issue of the sufficiency of the evidence, AC Transit's motion for summary
14 judgment is DENIED, and the parties, within the time set forth above, shall brief the
15 question of the propriety of augmenting the administrative record.
16      2. Ruling on defendants' motion for summary judgment on the Second through
17 Eleventh Causes of Action is DEFERRED, pending resolution of the merits of the remaining
18 claim in the First Cause of Action.
19      **IT IS SO ORDERED.**

21 Dated:  January 23, 2006

                        MAXINE M. CHESNEY
                        United States District Judge