United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ROZELLA JOHNSON,                      No. C-04-4879 MMC

12            Petitioner and Plaintiff,    **ORDER GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFF'S**
13      v.                                 **REQUEST TO AUGMENT
                                           ADMINISTRATIVE RECORD; SETTING**
14   ALAMEDA-CONTRA COSTA TRANSIT          **BRIEFING SCHEDULE ON ISSUE OF
     DISTRICT, and KATHLEEN KELLY,         WHETHER ADMINISTRATIVE DECISION**
15                                         **SHOULD BE AFFIRMED OR SET ASIDE;
              Respondents and Defendants   VACATING TRIAL DATE**
16   _____/

17

18         Before the Court is plaintiff Rozella Johnson's ("Johnson") request, pursuant to

19   § 1094.5(e) of the California Code of Civil Procedure, to augment the administrative record

20   filed in connection with her claim for judicial review of the hearing officer's Decision and

21   Award dated August 6, 2004, as amended August 10, 2004 ("Decision").[1]  Defendant

22   Alameda-Contra Costa Transit District ("AC Transit") has filed a response, to which plaintiff

23   has replied.  Having considered the papers filed in support of and in opposition to the

24   request, the Court rules as follows.

25   **A.  Request to Augment Record**

26         "Where the court finds that there is relevant evidence that, in the exercise of

27   _____

28         [1]Plaintiff's request to augment the record was made in her Brief in Support of
     Issuance of Writ of Mandate, filed November 30, 2005, and in declarations submitted in
     support thereof.

1   reasonable diligence, could not have been produced or that was improperly excluded at the

2   hearing before respondent, . . . in cases in which the court is authorized by law to exercise

3   its independent judgment on the evidence, the court may admit the evidence at the hearing

4   on the writ without remanding the case."  Cal. Code Civ. Proc. § 1094.5(e).

5   **1. Evidence Not Previously Offered**

6   Plaintiff seeks to augment the record with eight exhibits that, according to plaintiff,

7   are relevant and were not reasonably available at the time of the hearing.  The Court will

8   address the eight items, in turn.

9   **a. Email dated July 3, 2002**

10   In an email, dated July 3, 2002, sent to Johnson by her former supervisor, Kathleen

11   Kelly ("Kelly"), Kelly made a positive comment about Johnson's work.  (See Johnson Decl.,

12   filed November 30, 2005, Ex. A.)  Johnson asserts that after the hearing, she located the

13   subject email.  (See id. ¶ 8.)  More specifically, Johnson states that before the hearing she

14   searched her home for work-related documents, but did not find the subject email, nor did

15   she recall it.  (See Johnson Decl., filed February 14, 2006, ¶ 3).  After the hearing,

16   however, Johnson's husband found the email in a file at their home.  (See id. ¶ 3.)

17   Although California courts "generally" limit the scope of the "could not have been

18   produced" provision in section 1094.5(e) to "truly new evidence of emergent facts," see Fort

19   Mojave Indian Tribe v. California Dep't of Health Services, 38 Cal. App. 4th 1574, 1595

20   (1995), California courts have allowed augmentation where a petitioner has conducted a

21   reasonable search for documents prior to the hearing but failed to locate a relevant

22   document until after the hearing, see, e.g., Sautter v. Contractors' State License Board,

23   124 Cal. App. 2d 149, 151-52, 154 (1954) (holding petitioner entitled to augment record

24   with document petitioner's spouse, after administrative hearing, "discovered" in file at

25   home).

26   In light of those cases and Johnson's declaration attesting to her efforts to locate

27   documents prior to the hearing, the Court will allow Johnson to augment the record with the

28   email.  See id.

1

**b.  Kelly's deposition testimony re: Kathleen Eichmeier**

2        During her deposition taken in the instant action, Kelly testified that after Johnson

3 was terminated, Kelly offered Johnson's position to a "Causasian" named Kathleen

4 Eichmeier ("Eichmeier"), and that Kelly "believe[s]" that after Kelly left the employ of AC

5 Transit, Eichmeier took the position.  (See Trowbridge Decl., filed September 22, 2005, Ex.

6 I at 78:14 - 79:10.)  Johnson argues that the administrative record should be augmented

7 with such testimony to clarify "misleading" testimony Kelly gave at the administrative

8 hearing, (see Johnson Decl., filed November 30, 2005, at 6:5-6), specifically, Kelly's

9 testimony therein that "no one [was] filling [Johnson's] position," (see Trowbridge Decl.,

10 filed November 30, 2005, Ex. D at 12).

11        Assuming, arguendo, an administrative record can be augmented to clarify

12 "misleading" testimony, Johnson fails to show that she could not have asked Kelly at the

13 hearing whether Kelly had offered Johnson's position to anyone.  Consequently, Johnson is

14 not entitled to augment the record with subsequently-provided testimony on that subject.

15 See Armondo v. Department of Motor Vehicles, 15 Cal. App. 4th 1174, 1180 (1993) (holding

16 party seeking to  augment record must "show that the evidence could not have been

17 produced below had reasonable diligence been exercised").  Further, Kelly's "belief" as to

18 who may have filled Johnson's position after Kelly left AC Transit is, as AC Transit points

19 out, speculative, and therefore not relevant.[2]

20        Accordingly, Johnson fails to show the record should be augmented with Kelly's

21 deposition testimony concerning Eichmeier.

22

**c.  Kelly's deposition testimony re: recommending termination**

23        During her deposition taken in the instant action, Kelly testified that she

24 recommended in writing that AC Transit terminate Johnson's employment.  (See

25

26     [2]Johnson does not dispute that Johnson's former position remained unfilled during the time Kelly was with AC Transit, the only period for which Kelly would have had first-

27 hand knowledge of the matter.  Indeed, at her deposition, Kelly, in accordance with her testimony at the administrative hearing, testified that no one had been assigned to fill

28 Johnson's position while Kelly remained at AC Transit.  (See Trowbridge Decl., filed September 22, 2005, Ex. I at 78:4-8.)

1   Trowbridge Decl., filed September 22, 2005, Ex. I at 64:1-3, 101:25 - 102:3.)  Johnson

2   argues the administrative record should be augmented with such testimony to clarify

3   "misleading" testimony Kelly gave at the administrative hearing,  (see Johnson Decl., filed

4   November 30, 2005, at 6:5-6), specifically, Kelly's testimony that AC Transit's General

5   Manager made the decision to terminate Johnson, (see Trowbridge Decl., filed November

6   30, 2005, Ex. D at 9).

7           Again, assuming, arguendo, an administrative record can be augmented to clarify

8   "misleading" testimony, Johnson fails to show Kelly offered misleading testimony

9   concerning her participation in the termination decision.  Rather, Kelly testified at the

10  administrative hearing, in accordance with her deposition testimony, that she signed a

11  written recommendation that AC Transit terminate Johnson's employment, and also that

12  she provided to the General Manager "all" of the information he used to make the decision.

13  (See id.)

14          Accordingly, Johnson fails to show the record should be augmented with Kelly's

15  deposition testimony concerning her participation in the termination decision.

16                 **d.  Kelly's deposition testimony re: knowledge of prior complaints**

17          During her deposition taken in the instant action, Kelly testified that she knew

18  Johnson had filed a discrimination complaint with the Department of Fair Employment and

19  Housing ("DFEH"), (see Trowbridge Decl., filed September 22, 2005, Ex. I at 106:20 -

20  107:2),[3] and had submitted to AC Transit, in September 2003, an internal complaint, (see

21  id. Ex. I at 100:8-22).  Johnson argues that the administrative record should be augmented

22  with such testimony to counter "dishonest" testimony given at the administrative hearing.

23  (See Trowbridge Decl., filed November 30, 2005, ¶ 14.)

24          Assuming, arguendo, an administrative record can be augmented by evidence

25  showing that prior testimony was false, Johnson fails to show any falsehood.  First, Kelly

26  testified at the administrative hearing that she knew about Johnson's DFEH complaint.

27  _____

28          [3]Other documents filed herein establish that Johnson's DEFH complaint was filed in
    October 2003.  (See, e.g., Hoyt Decl., filed September 9, 2005, Ex. L at 41.)

1    (See id. Ex. D at 12.)  Second, Johnson fails to point to anything in the administrative

2    record indicating that Kelly was even asked about Johnson's September 2003 internal

3    complaint, much less that Kelly testified in a manner differing from that offered at her

4    deposition.

5        Accordingly, Johnson fails to show the record should be augmented with Kelly's

6    deposition testimony concerning her knowledge of Johnson's complaints.

7
         **e.  Richard C. Fernandez's deposition testimony re: termination decision**

8        During his deposition taken in the instant action, AC Transit General Manager

9    Richard C. Fernandez ("Fernandez") testified as to what information he used to make his

10   decision to terminate Johnson.  (See, e.g., Trowbridge Decl., filed September 22, 2005, Ex.

11   J at 59:5 - 60:12.)  Johnson states she did not call Fernandez as a witness at the hearing

12   because the rules governing the hearing did not provide her with a mechanism to compel

13   the attendance of a witness.  Johnson does not assert, however, that she made any effort

14   to obtain Fernandez's voluntary attendance.  She does not assert, for example, that she

15   requested that AC Transit produce Fernandez and that AC Transit refused, circumstances

16   arguably implicating the alleged lack of a means to compel testimony from an unwilling

17   witness.  In short, Johnson has not shown that, in the exercise of reasonable diligence, she

18   was unable to present Fernandez's testimony at the hearing.[4]

19       Accordingly, Johnson fails to show the record should be augmented with

20   Fernandez's deposition testimony concerning how he made the termination decision.

21        **f.  Fernandez's deposition testimony re: knowledge of prior complaints**

22       During his deposition, Fernandez testified about his knowledge of Johnson's prior

23   complaints.  (See, e.g., id. Ex. J at 27:18 - 28:2.)  As noted, Johnson did not call Fernandez

24

25   _____

26       [4]Additionally, Fernandez's deposition testimony, that he did not personally conduct
     an investigation and that he based his decision to terminate Johnson on information
27   provided to him by Kelly, is cumulative of evidence presented at the hearing.  Specifically,
     as noted above, Kelly testified at the hearing that she provided Fernandez with "all" the
28   information Fernandez used to make his decision to terminate Johnson.  (See Trowbridge
     Decl., filed November 30, 2005, Ex. D at 9).

1  as a witness at the administrative hearing, and has failed to show that, in the exercise of

2  reasonable diligence, she could not have presented his testimony therein.

3       Accordingly, Johnson fails to show the record should be augmented with

4  Fernandez's deposition testimony concerning his knowledge of Johnson's complaints.

5       **g.  Candy Williams-Scarlett's deposition testimony re: Kelly**

6       During her deposition taken in the instant action, Candy Williams-Scarlett ("Williams-

7  Scarlett"), a former employee of AC Transit, testified about her interactions with Kelly and

8  her perception of bias on Kelly's part.  (See, e.g., id. Ex. D at 24:18-24, 26:3-12.)  Johnson

9  states that although she asked Williams-Scarlett to testify at the hearing, Williams-Scarlett

10  refused.  (See Johnson Decl., filed February 14, 2006, ¶ 4.)  In light of the lack of a

11  procedural vehicle to compel an unwilling witness to testify at the administrative hearing,

12  the Court finds Johnson acted diligently in attempting to secure Williams-Scarlett's

13  testimony.

14       Accordingly, the Court will allow Johnson to augment the record with Williams-

15  Scarlett's deposition testimony.[5]

16       **h.  Report, dated June 1, 2005, by Helmut Relinger, Ph.D.**

17       In a report dated June 1, 2005, Helmut Relinger, Ph.D., ("Dr. Relinger") opines that

18  Johnson "continues to suffer psychological disturbance characterized by depression and

19  anxiety."  (See Trowbridge Decl., filed September 22, 2005, Ex. K, ninth sequential page.)

20  According to Dr. Relinger, he formed such opinion after interviewing Johnson on two

21  occasions in May 2005.  (See id. Ex. K, eighth sequential page.)

22       Johnson fails to explain how her mental status in May 2005 is relevant to the issue

23  of whether, in January 2004, AC Transit had sufficient cause to terminate Johnson's

24  employment, and, consequently, has not shown Dr. Relinger's report is relevant to the

25

26       [5]The specific excerpts Johnson offers from the Williams-Scarlett deposition are

27  attached to the Trowbridge Declaration, filed September 22, 2005, as Exhibit D.  To date, no objection to such evidence has been raised on grounds other than lack of diligence.

28  Consequently, the Court's order augmenting the record with such evidence does not address the probative value thereof.

1    matters before the Hearing Officer.

2        Accordingly, Johnson fails to show the record should be augmented with Dr.

3    Relinger's June 1, 2005 report.

4        **2.  Excluded Evidence**

5        The hearing officer allowed Johnson to offer a declaration signed by former AC

6    Transit employee Francois Njike ("Njike"), who attested therein about his experiences

7    working with Kelly and about interactions between Johnson and Kelly he had witnessed.

8    (See id. Ex. C.)  The hearing officer excluded, however, evidence of a verified civil

9    complaint Njike had filed against AC Transit, in which Njike set forth in more detail some of

10   his experiences working with Kelly and in which he characterizes Kelly's conduct as

11   discriminatory in nature.  The hearing officer also denied Johnson's request to call Njike as

12   a witness at the administrative hearing.

13       Johnson seeks to augment the administrative record with the civil complaint and, in

14   lieu of live testimony by Njike, excerpts from Njike's deposition testimony given in the

15   instant action, which testimony, Johnson asserts, Njike would have given had he testified at

16   the administrative hearing.[6]

17       AC Transit argues the evidence is irrelevant to the extent Njike testifies or attests to

18   employment-related actions Kelly took with respect to Njike.  Evidence of other employee's

19   experiences with the defendant has been held to be relevant, however, where, as here,

20   such evidence is offered on the issue of whether such defendant was motivated by a

21   discriminatory animus.  See Heyne v. Caruso, 69 F. 3d 1475, 1479-80 (9th Cir. 1995)

22   (holding, in connection with wrongful termination claim, evidence that defendant sexually

23   harassed other individuals was "both relevant and admissible" as to "question of

24

25

26   —————————————

27       [6]The specific excerpts Johnson offers from the Njike deposition are attached to the
     Trowbridge Declaration, filed January 25, 2006, as Exhibit A.  AC Transit does not contend
28   that Njike's deposition testimony is an inadequate substitute for testimony he would have
     given at the administrative hearing.

1    [defendant's] motive for discharging [plaintiff]").[7]  To the extent Njike testifies or attests

2    therein to interactions he observed between Kelly and Johnson, AC Transit does not

3    contend the evidence is irrelevant, but, rather that such evidence is cumulative because it

4    is "the same" as that set forth in Njike's declaration.  (See Def.s' Response, filed February

5    8, 2006, at 7:15-17.)  Contrary to AC Transit's characterization, however, the additional

6    evidence provides greater detail with respect to Njike's observations.

7         Accordingly, the Court will allow Johnson to augment the record with Njike's civil

8    complaint and Njike's deposition testimony.

9    **B.  Briefing Schedule on Merits of Petition**

10        The Court sets the following briefing schedule on the issue of whether the Court, in

11   applying its independent judgment, should affirm or set aside the Decision.

12        Johnson shall file her opening brief, not to exceed 25 pages, no later than March 24,

13   2006

14        AC Transit shall file its opposition brief, not to exceed 25 pages, no later than April

15   14, 2006.

16        Johnson may file a reply brief, not to exceed 15 pages, no later than April 28, 2006,

17   at which time the matter shall stand submitted.

18        All factual arguments must be supported by specific page citations to documents in

19   the administrative record, as augmented herein, and no party may file any additional

20   declarations or other evidence.

21   //

22

23
     ───────────────────────
24        [7]AC Transit also argues that Njike's civil complaint is not probative because Njike did
     not name Kelly as a defendant in his civil action.  Such procedural fact, however, is
25   immaterial; the question is whether the verified statements in the complaint have any
     relevance to the issues before the hearing officer.  AC Transit further argues that
26   interactions between Njike and Kelly are too remote in time to be relevant as to the events
     at issue between Johnson and Kelly.  At least some of the interactions between Njike and
27   Kelly, however, appear to have occurred at or around the same time as some of the
     interactions between Johnson and Kelly on which Johnson relies to show Kelly's
28   discriminatory animus toward Johnson.  (See Trowbridge Decl., filed September 22, 2005,
     Ex. B ¶ 9; Trowbridge Decl., filed November 30, 2005, Ex. D at 22.)  Again, the Court
     makes no determination as to the probative value of such evidence.

**C.  Trial Date**

       For the reasons stated at the hearing conducted October 14, 2005, the Court will resolve Johnson's petition for judicial review of the Decision before the Court will address Johnson's claims for damages.  See, e.g., Johnson v. City of Loma Linda, 24 Cal. 4th 61, 65-66, 71 (2000) (holding state law claims for discriminatory termination barred by administrative finding plaintiff not terminated for discriminatory reasons, unless plaintiff succeeds in setting aside administrative finding in judicial proceeding).

       Accordingly, the April 24, 2006 trial date and related pre-trial dates will be vacated, and will be reset after the Court has ruled on the merits of plaintiff's petition to set aside the Decision.

**CONCLUSION**

       For the reasons set forth above, plaintiff's request to augment the administrative record is GRANTED in part and DENIED in part, as follows.

       1.  Plaintiff's request to augment is GRANTED with respect to the July 3, 2002 email, Williams-Scarlett's deposition testimony, Njike's civil complaint, and Njike's deposition testimony, and the administrative record is hereby AUGMENTED with such evidence.

       2.  In all other respects, plaintiff's request to augment is DENIED.

       3.  The parties shall brief the merits of plaintiff's petition to set aside the Decision, as set forth above.

       4.  The April 24, 2006 trial date and related pre-trial dates are hereby VACATED.

       **IT IS SO ORDERED.**


Dated: February 27, 2006                         _MAXINE M. CHESNEY_
                                                 MAXINE M. CHESNEY
                                                 United States District Judge

9